UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| KRISTINA BELLA, <br> ON BEHALF OF HERSELF AND <br> ALL OTHERS SIMILIARLY SITUATED, <br><br> Plaintiff, <br> v <br><br> BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC, <br> THE BUREAUS, INC., AND <br> BUREAUS INVESTMENT GROUP III, LLC <br><br> Defendants. | Civil Action, File No. <br> 1:17-cv-06115-ENV-VMS |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Kristina Bella [hereinafter "Bella"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants Bureaus Investment Group Portfolio No. 15 LLC [hereinafter "BIGP15"], The Bureaus, Inc. [hereinafter "Bureaus"], and Bureaus Investment Group Portfolio III, LLC [hereinafter "BIGIII"] and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district.  Venue in this district also is proper based on BIGP15 possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Each Defendant also derives substantial revenue from services rendered in this district.  The aforementioned transaction

of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Bella is a natural person residing at 2475 E. 11th Street, Apt. 2K, Brooklyn, NY 11235.

6. Bella is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. BIGP15 is an Illinois domestic limited liability corporation with a place of business located at 650 Dundee Road, Ste. 370, Northbrook, IL 60062.

8. This court has specific jurisdiction over BIGP15 based on the allegations in this Complaint regarding BIGP15 violating the rights of Plaintiff, a New York State resident, set forth in various section of the FDCPA by having a letter sent to Plaintiff in New York State.

9. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

10. BIGP15 possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

11. The principal purpose of BIGP15 is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

12. Based upon the allegations in the above two paragraphs, BIGP15 is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

13. BIGIII is an Illinois domestic limited liability corporation with a place of business located at 650 Dundee Road, Ste. 370, Northbrook, IL 60062.

14. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.".  The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies".  See 1 USC 1.  15 USC 1692b (6) contains specific exclusions; and a limited liability company which is the sole member of another limited liability company is not among those excluded.

15. BIGII is the sole member of BIGP15.

16. Upon information and belief, BIGIII purchases defaulted debts and then assigns the defaulted debts to BIGP15 for BIGP15 to attempt to collect; and a person which has as its principal purpose the taking of assignments of debts that already have gone into default is a debt collector under the FDCPA even if the party does not itself actively attempt to collect the debt but merely assigns the debt to another to collect the debt on its behalf or for its sole benefit. Plummer v. Atlantic Credit & Finance, Inc., ___ F. Supp. 3d ___, ___, 2014 WL 6969546, at *3-4 (S.D.N.Y. Dec. 8, 2014) and Suquilanda v. Cohen & Slamowitz, LLP, 2011 WL 4344044, at *10 (S.D.N.Y. Sep. 8, 2011).

17. In addition, as the sole member of BIGP15, a "debt collector", BIGIII is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

18. Based on the allegations in the 4 preceding paragraphs, BIGIII is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. Bureaus is an Illinois domestic limited liability corporation with a place of business located at 650 Dundee Road, Ste. 370, Northbrook, IL  60062.

20. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.".  The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies".  See 1 USC 1.  15 USC 1692b (6).

21. Bureaus acts as the "Master Servicer" for the "debt collector" BIGP15 and BIGIII.

22. Bureaus is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

24. Asset Recovery Solutions, LLC [hereinafter "Asset"] possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

25. Based upon Exhibit A and upon Asset possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Asset is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

26. On Exhibit A, Asset identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

27. Based upon the allegations in the above four paragraphs, Asset is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

28. On or about June 7, 2016, Asset sent Bella the letter annexed as Exhibit A in an attempt to collect a debt owed to BIGP15. Bella received and read Exhibit A. For the reasons set forth below, Bella's receipt and reading of Exhibit A deprived Bella of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

29. Per statements and references in Exhibit A, Asset sent Exhibit A to in an attempt to collect a past due debt.

30. The past due debt set forth in Exhibit A was based on Bella, as an individual, being issued a credit card account by Capital One N.A. for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A credit card account issued by Capital One N.A. is an account issued to individuals primarily for personal, family or household purposes. Asset, via Exhibit A, attempted to collect this past due debt from Bella in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**FIRST CAUSE OF ACTION-CLASS CLAIM**

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-30 of this Complaint.

32. Exhibit A set forth a "Total Current Balance" of $552.85.

33. Any "Total Current Balance" resulted from an agreement between Bella and Capital One N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

34. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Capital One N.A. or any assignee or successor-in-interest such as BIGP15 on any "Total Current Balance" due but unpaid to Capital One N.A. or any assignee or successor-in-interest such as BIGP15.

35. Pursuant to the aforementioned agreement, Capital One N.A. or any assignee or successor-in-interest such as BIGP15 had a legal right at any time to collect from Bella the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Capital One N.A. on any "Total Current Balance" due but unpaid to Capital One N.A. or any assignee or successor-in-interest such as BIGP15.

36. The aforementioned right to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance" is not waived by Capital One N.A. or any assignee or successor-in-interest such as BIGP15 as a result of a failure by either Capital One N.A. or any assignee or successor-in-interest such as BIGP15 at any point in time to attempt to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

37. Capital One N.A. and any assignee or successor-in-interest such as BIGP15 never sent

Bella a written communication that they waived the aforementioned right to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

38. On and after the date of Exhibit A, BIGP15 possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

39. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

40. On and after the date of Exhibit A, BIGP15 possessed the legal right to terminate Asset as its debt collector.

41. Upon such termination, BIGP15, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

42. On and after the date of Exhibit A, such as BIGP15 had the right to instruct Asset to seek from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

43. For the above reasons, at any time after the date of Exhibit A, the "Total Current Balance" due from Bella and/or the "Total Current Balance" sought from Bella may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

44. Notwithstanding the above, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Bella would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of

any fees and interest that would cause the "Total Current Balance" of $552.85 to increase.

45. Exhibit A also contained the following statements: "Interest Accrued Since Charge Off: $0.00", "Miscellaneous Fees Since Charge Off: $.00" and "Total Current Balance: $552.85", but, notwithstanding the aforementioned accrual of interest, late charges, and/or other charges set forth in the above allegations of this Complaint, Exhibit A did not set forth what Bella would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Total Current Balance" of $552.85 to increase.

46. For the above reasons, Exhibit A did not set forth the amount of the "debt".

47. Upon information and belief, BIGP15 and/or an entity on its behalf issued work standards, directives, and/or guidelines to Asset which contained instructions, controls, and rules governing the steps Asset could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

48. All the actions alleged in this Complaint taken by Asset were taken by Asset as the "debt collector" for the "debt collector" BIGP15.

49. Based on the allegations in the above two paragraphs, BIGP15 is vicariously liable for the actions of Asset.

50. Upon information and belief, BIGIII, a "debt collector" and sole member of BIGP15, directs and/or requires and/or allows BIGPIII to carry out collection efforts on its behalf and for its sole benefit; BIGIII always possesses the beneficial interests in the collection accounts which BIGP15 attempts to collect in the name of BIGP15; and BIGIII actively participates in and/or controls and/or supervises the entire process of attempting to

collect the debts held in the name of BIGP15 including the selection and supervision and continuous evaluation of the effectiveness of debt collectors such as Asset.

51. Based on the allegations in the above paragraphs, BIGIII is vicariously liable for the actions of Asset and BIGP15.

52. Upon information and belief, Bureaus issued work standards, directives, and/or guidelines to Asset which contained instructions, controls, and rules governing the steps Asset could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

53. Upon information and belief, Bureaus actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of BIGP15 including the selection and supervision and continuous evaluation of the effectiveness of debt collectors such as Asset.

54. Based on the allegations in the above two paragraphs, Bureaus is vicariously liable for the actions of Asset.

55. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692g(a)(1) by sending Exhibit A to Bella.

### SECOND CAUSE OF ACTION-CLASS CLAIM

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-30 of this Complaint.

57. Exhibit A set forth a "Total Current Balance" of $552.85.

58. Any "Total Current Balance" resulted from an agreement between Bella and Capital One N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

59. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Capital One N.A. or any assignee or successor-in-interest such as BIGP15 on any "Total Current Balance" due but unpaid to Capital One N.A. or any assignee or successor-in-interest such as BIGP15.

60. Pursuant to the aforementioned agreement, Capital One N.A. or any assignee or successor-in-interest such as BIGP15 had a legal right at any time to collect from Bella the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Capital One N.A. on any "Total Current Balance" due but unpaid to Capital One N.A. or any assignee or successor-in-interest such as BIGP15.

61. The aforementioned right to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance" is not waived by Capital One N.A. or any assignee or successor-in-interest such as BIGP15 as a result of a failure by either Capital One N.A. or any assignee or successor-in-interest such as BIGP15 at any point in time to attempt to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

62. Capital One N.A. and any assignee or successor-in-interest such as BIGP15 never sent Bella a written communication that they waived the aforementioned right to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

63. On and after the date of Exhibit A, BIGP15 or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

64. The entity to which the account/debt identified in Exhibit A was sold, transferred, or

assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

65. On and after the date of Exhibit A, BIGP15 possessed the legal right to terminate Asset as its debt collector.

66. Upon such termination, BIGP15, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

67. On and after the date of Exhibit A, BIGP15 had the right to instruct Asset to seek from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

68. For the above reasons, at any time after the date of Exhibit A, the "Total Current Balance" due from Bella and/or the "Total Current Balance" sought from Bella may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

69. However, Exhibit A failed to notify Bella that his "Total Current Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

70. Upon information and belief, BIGP15 and/or an entity on its behalf issued work standards, directives, and/or guidelines to Asset which contained instructions, controls, and rules governing the steps Asset could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

71. All the actions alleged in this Complaint taken by Asset were taken by Asset as the "debt collector" for the "debt collector" BIGP15.

72. Based on the allegations in the above two paragraphs, BIGP15 is vicariously liable for the actions of Asset.

73. Upon information and belief, BIGIII, a "debt collector" and sole member of BIGP15, directs and/or requires and/or allows BIGPIII to carry out collection efforts on its behalf and for its sole benefit; BIGIII always possesses the beneficial interests in the collection accounts which BIGP15 attempts to collect in the name of BIGP15; and BIGIII actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of BIGP15 including the selection and supervision and continuous evaluation of the effectiveness of debt collectors such as Asset.

74. Based on the allegations in the above paragraphs, BIGIII is vicariously liable for the actions of Asset and BIGP15.

75. Upon information and belief, Bureaus issued work standards, directives, and/or guidelines to Asset which contained instructions, controls, and rules governing the steps Asset could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

76. Upon information and belief, Bureaus actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of BIGP15 including the selection and supervision and continuous evaluation of the effectiveness of debt collectors such as Asset.

77. Based on the allegations in the above two paragraphs, Bureaus is vicariously liable for the actions of Asset.

78. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Bella.

## THIRD CAUSE OF ACTION-CLASS CLAIM

79. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-30 of this Complaint.

80. Upon information and belief, BIGP15 and/or an entity on its behalf issued work standards, directives, and/or guidelines to Asset which contained instructions, controls, and rules governing the steps Asset could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

81. All the actions alleged in this Complaint taken by Asset were taken by Asset as the "debt collector" for the "debt collector" BIGP15.

82. Based on the allegations in the above two paragraphs, BIGP15 is vicariously liable for the actions of Asset.

83. Upon information and belief, BIGIII, a "debt collector" and sole member of BIGP15, directs and/or requires and/or allows BIGPIII to carry out collection efforts on its behalf and for its sole benefit; BIGIII always possesses the beneficial interests in the collection accounts which BIGP15 attempts to collect in the name of BIGP15; and BIGIII actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of BIGP15 including the selection and supervision and continuous evaluation of the effectiveness of debt collectors such as Asset.

84. Based on the allegations in the above paragraphs, BIGIII is vicariously liable for the actions of Asset and BIGP15.

85. Upon information and belief, Bureaus issued work standards, directives, and/or guidelines to Asset which contained instructions, controls, and rules governing the steps Asset could and could not take to attempt to collect debts including the contents of debt collection letters such

as Exhibit A.

86. Upon information and belief, Bureaus actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of BIGP15 including the selection and supervision and continuous evaluation of the effectiveness of debt collectors such as Asset.

87. Based on the allegations in the above two paragraphs, Bureaus is vicariously liable for the actions of Asset.

88. Exhibit A contained the following statements: "Interest Accrued Since Charge Off: $0.00" and "Miscellaneous Fees Since Charge Off: $.00".

89. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges had been accruing on any "Total Current Balance" due but unpaid to Capital One N.A., but had not been added to the "Total Current Balance" sought from Bella.

90. Pursuant to the aforementioned agreement, Capital One N.A. or any assignee or successor-in-interest had a legal right at any time to collect from Bella the aforementioned interest, late charges, and/or other charges which had accrued prior to the date of Exhibit A.

91. The aforementioned right to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance" is not waived by Capital One N.A. or any assignee or successor-in-interest such as BIGP15 as a result of a failure by either Capital One N.A. or any assignee or successor-in-interest such as BIGP15 at any point in time to attempt to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

92. Capital One N.A. and any assignee or successor-in-interest such as BIGP15 never sent

Bella a written communication that they waived the aforementioned right to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

93. On and after the date of Exhibit A, BIGP15 or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

94. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

95. On and after the date of Exhibit A, BIGP15 possessed the legal right to terminate Asset as its debt collector.

96. Upon such termination, BIGP15, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

97. On and after the date of Exhibit A, BIGP15 had the right to instruct Asset to collect from Bella the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Current Balance".

98. For the above reasons, at any time after the date of Exhibit A, the "Total Current Balance" due from Bella and/or the "Total Current Balance" sought from Bella may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

99. As a result of the above, setting forth in Exhibit A "Interest Accrued Since Charge Off: $0.00" and/or "Miscellaneous Fees Since Charge Off: $.00" violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10).

## FOURTH CAUSE OF ACTION

100. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-30 of this Complaint.

101. Upon information and belief, BIGP15 and/or an entity on its behalf issued work standards, directives, and/or guidelines to Asset which contained instructions, controls, and rules governing the steps Asset could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

102. All the actions alleged in this Complaint taken by Asset were taken by Asset as the "debt collector" for the "debt collector" BIGP15.

103. Based on the allegations in the above two paragraphs, BIGP15 is vicariously liable for the actions of Asset.

104. Upon information and belief, BIGIII, a "debt collector" and sole member of BIGP15, directs and/or requires and/or allows BIGPIII to carry out collection efforts on its behalf and for its sole benefit; BIGIII always possesses the beneficial interests in the collection accounts which BIGP15 attempts to collect in the name of BIGP15; and BIGIII actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of BIGP15 including the selection and supervision and continuous evaluation of the effectiveness of debt collectors such as Asset.

105. Based on the allegations in the above paragraphs, BIGIII is vicariously liable for the actions of Asset and BIGP15.

106. Upon information and belief, Bureaus issued work standards, directives, and/or guidelines to Asset which contained instructions, controls, and rules governing the steps Asset could and could not take to attempt to collect debts including the contents of debt

collection letters such as Exhibit A.

107. Upon information and belief, Bureaus actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of BIGP15 including the selection and supervision and continuous evaluation of the effectiveness of debt collectors such as Asset.

108. Based on the allegations in the above two paragraphs, Bureaus is vicariously liable for the actions of Asset.

109. Exhibit A set forth a "Total Current Balance" of $552.85.

110. In the alternative to the allegations in the prior causes of action in this Complaint, if interest, late charges, and/or other charges were not accruing on any "Total Current Balance", then, for the reasons set forth in *Islam v American Recovery Service Incorporated* 17-cv-4228 (BMC) (EDNY 2017), Defendants violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "current" balance or describing the balance as the "current" balance.

## CLASS ALLEGATIONS

111. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

112. The class consist of (a) all natural persons (b) who received a letter from Asset dated between June 7, 2016 and the present to collect a past due debt regarding a credit card account, (c) in a form materially identical or substantially similar to Exhibit A.

113. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

114. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

115. The predominant common question is whether Defendant's letters violate the FDCPA.

116. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

117. A class action is the superior means of adjudicating this dispute.

118. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:     December 15, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107