UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
KRISTINA BELLA, on behalf of herself and all
others similarly situated,

        Plaintiff,

  -against-

BUREAUS INVESTMENT GROUP PORTFOLIO
NO. 15 LLC, THE BUREAUS, INC., and
BUREAUS INVESTMENT GROUP III, LLC,

        Defendants.
-----------------------------------------------------------------x

MEMORANDUM & ORDER

17-cv-6115 (ENV) (VMS)

VITALIANO, D.J.

  On January 4, 2019, Magistrate Judge Vera M. Scanlon issued a Report and Recommendation ("R&R") in this action, in which she recommended that defendants Bureaus Investment Group Portfolio No. 15 LLC ("BIG 15"), The Bureaus, Inc. ("Bureaus") and Bureaus Investment Group III, LLC ("BIG III")'s Rule 12(b)(6) motion to dismiss for failure to state a claim and BIG III's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction be granted, and that the Court dismiss plaintiff Kristina Bella's one remaining claim. Bella filed objections to the R&R on January 18, 2019, drawing opposition from defendants on February 1, 2019. After a careful and *de novo* review of the record, Judge Scanlon's R&R is adopted in its entirety, as supplemented by this Memorandum & Order, as the opinion of the Court. The reasons follow.

Background[1]

  On October 20, 2017, defendants removed the instant action, commenced in Kings County Supreme Court with a summons and notice but without a complaint. Dkt. No. 1.

---

[1] The facts are recounted in the light most favorable to plaintiff, with all reasonable inferences drawn in her favor, as they must be on a motion to dismiss.

1

Making her claim more definite, on December 15, 2017, Bella filed her complaint in this Court. Dkt. No. 12. It alleges that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, when they attempted to collect a credit card debt of $552.85 that Bella was said to owe to Capital One N.A. R&R at 2. The letter, with a statement date of June 7, 2016, and on the billhead of Asset Recovery Solutions, LLC ("Asset Recovery"), listed, in relevant part, the following information at the top:

| Original Creditor: | CAPITAL ONE N.A. |
| --- | --- |
| Current Creditor: | BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC |
| Total Current Balance: | $552.85 |
| Amount Due at Charge Off: | $552.85 |
| Interest Accrued Since Charge Off: | $.00 |
| Miscellaneous Fees Since Charge Off: | $.00 |
| Total Payments Since Charge Off: | $.00 |

*See* Dkt. No. 12-1 (collection letter). The collection letter stated that Bella's "past due account(s) have been referred to our agency for collection. . . . This communication is from a debt collector. This is an attempt to collect a debt." *Id.*

The complaint goes on to allege that BIG 15 and Asset Recovery possess licenses from the New York City Department of Consumer Affairs to operate as "debt collection agencies," Dkt. No. 12 ¶¶ 10, 24; that BIG III "purchases defaulted debts and then assigns the defaulted debts" to BIG 15 for BIG 15 to attempt to collect, *id.* ¶ 16; that BIG III is the sole member of BIG 15, *id.* ¶ 15; and that Bureaus acts as the "master servicer" for BIG 15 and BIG III. *Id.* ¶ 21.

## Standard of Review

In reviewing a magistrate judge's R&R, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge need only be satisfied "that there is no clear error on the face of the record" to accept the reviewed R&R, provided no timely objection has been made in writing.

2

*Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). The district judge, moreover, is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Objections that are general, conclusory, or "merely recite the same arguments presented to the magistrate judge" do not constitute proper objections and are reviewed only for clear error. *Sanders v. City of New York*, No. 12-CV-113 (PKC)(LB), 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (citation omitted). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195 (RRM) (RLM), 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

## Discussion

I. <u>Rule 12(b)(2) Motion[2]</u>

Judge Scanlon determined that plaintiff failed to plausibly allege "purposeful activities in New York sufficient to establish jurisdiction" over BIG III under the state's long-arm jurisdiction statute. R&R at 8; *see also Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) ("On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant.").

---

[2] "As a general rule, when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint." 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1351 (3d ed. Apr. 2019). Therefore, although unlike a challenge to subject-matter jurisdiction, a challenge to personal jurisdiction is waivable, and thus the Court will still consider BIG III's Rule 12(b)(2) motion before defendants' Rule 12(b)(6) motion.

The complaint here does not allege that "BIGIII purchased any debts in or from New York or even that BIGIII purchased Bella's debt and assigned it to BIG15." R&R at 8. Nor does BIG III's name appear on the collection letter. *Id.* Judge Scanlon concluded, consequently, that Bella's mere allegation that BIG III's parent company is present in New York is "not a sufficient basis for jurisdiction." *Id.* at 9 (citing *Grill v. Walt Disney Co.*, 683 F. Supp. 66, 68 (S.D.N.Y. 1988) ("no basis" for asserting personal jurisdiction over defendant merely because its "parent company is present in New York")).

Bella asserts that, because the collection letter identifies BIG 15 as the "current creditor" collecting on a debt incurred in New York and the complaint alleges, on information and belief, that BIG III purchases defaulted debts and assigns them to BIG 15 for attempted collection, she should be permitted to "at least . . . conduct discovery on the issue" of whether BIG III was involved in the subject collection. Pl. Objs. to R&R, Dkt. No. 30, at 12-13. Bella's objections add nothing to her original argument, however, which was properly rejected by Judge Scanlon. The complaint alleges that BIG III is incorporated in Illinois and has its principal place of business there. Dkt. No. 12 ¶ 13. It does not allege a single in-state activity or transaction by BIG III.[3] And it is beyond dispute that a subsidiary corporation is not subject to "personal jurisdiction simply because a state has jurisdiction over the parent, even if the parent is the sole shareholder of the subsidiary." *Saraceno v. S. C. Johnson & Son, Inc.*, 83 F.R.D. 65, 67 (S.D.N.Y. 1979). As a result, BIG III's motion to dismiss for lack of personal jurisdiction is properly granted. At the same time, the finding that *in personam* jurisdiction over BIG III is

---

[3] BIG III submitted a declaration by its manager that it does not conduct or transact business in New York and had no role in collecting the debt owed by Bella. *See generally* Dkt. No. 24-1 (Decl. of Michael Slotky). The Court's analysis does not rely on this declaration, however, because it is plaintiff's burden to show that jurisdiction exists, *see Metro. Life Ins. Co.*, 84 F.3d 560, and she plainly has failed to do so here.

lacking is somewhat academic because, as explained below, the complaint against it must be dismissed, as it is against all other defendants, for failure to state a claim.

II. Rule 12(b)(6) Motion

"In the Second Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Kolbasyuk v. Capital Mgmt. Servs.*, LP, 918 F.3d 236, 239 (2d Cir. 2019). "While the least sophisticated consumer may lack the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer, he can nonetheless be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (internal quotations and citations omitted). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (internal citation omitted).

The viability of Bella's claim, therefore, hinges on whether the plain language of the collection letter is, or could be, misleading to the hypothetical least sophisticated consumer. The complaint alleges that the collection letter listed a "Total Current Balance" but did not identify if "interest, late charges, and/or other charges were not accruing," which, Bella contends, constitutes a misleading notice under FDCPA. Dkt. No. 12 ¶ 110; *see also* Mem. of Law in Opp. to Mot. to Dismiss, Dkt. No. 25, at 2 (arguing that "if the debt is static but the collection letter describes the balance due as the 'current' balance, the debt collector has violated the FDCPA").

Bella's position is squarely at odds with controlling Second Circuit precedent. In *Taylor v. Financial Recovery Services, Inc.*, the Circuit held that "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the

5

meaning of Section 1692e." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018); *see also* R&R at 11 (citing *Derosa v. CAC Fin. Corp.*, 740 F. App'x 742, 743 (2d Cir. 2018) (summary order) (no FDCPA violation occurred where collection letter failed to mention interest and fees because interest and fees did not continue to accrue on account)).

Bella first objects that "two different judges in the Eastern District of New York have found that the use of the word 'current' could be interpreted to mean that the balance is dynamic," which, both sides agree, would be an incorrect interpretation because interest and fees were *not* accruing on Bella's account.[4] Both are unpublished decisions and, more importantly, do not alter the outcome here. In *Thomas v. Midland Credit Management, Inc.*, Dkt. No. 22, No. 2:17-cv-00523-ADS-ARL (Nov. 27, 2017 E.D.N.Y.), the collection letter listed a "current balance" and instructions that the plaintiff could "call" the defendant "to resolve this account." *Id.* at 2. That, coupled with other allegations not present here – for instance, the plaintiff in *Thomas* alleged that interest was accruing during the relevant period, *id.* at 7 – led the court to find that a potential FDCPA violation had occurred. *Thomas* is, therefore, easily distinguishable from the instant case.

Bella's other case is even less helpful to her. In *Carall v. CBE Group, Inc.*, Dkt. No. 18, No. 2:17-cv-03678-SJF-ARL (June 18, 2018 E.D.N.Y.), the court held that the use of the phrase "total amount due" was *not* misleading and that the collection letter made clear that prompt payment would completely satisfy the plaintiff's debt. *Id.* at 10. The court in *Carall* granted the motion to dismiss the complaint. *Id.* at 15.[5]

---

[4] Neither party objected to Judge Scanlon's characterization of the debt as static. *See* R&R at 11.
[5] Bella also cites an unpublished decision from the Northern District of New York, Dkt. No. 12, *Azzara v. Nat'l Credit Adjusters, LLC*, No. 1:16-cv-01213-TJM-TWD (June 19, 2017 N.D.N.Y.), in which the court granted a default judgment without adjudicating the merits of whether the use of the word "current," rather than "total," is a *per se* violation of FDCPA where interest and fees

Reduced to its essence, Bella hangs her hat on the collection letter's use of the phrase "total current balance," rather than "total balance," in support of an alleged FDCPA violation, and, in doing so, relies on *Taylor* and a Seventh Circuit case, *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944, 948 (7th Cir. 2004). But "[n]either *Chuway* nor *Taylor* holds that the use of the word 'current' is automatically misleading." R&R at 15. Bella latches on to a footnote in *Taylor*, which cites language in *Chuway* that a collection letter listing the balance due, "without talk of the 'current' balance," satisfies the requirements of FDCPA. *Taylor*, 886 F.3d at 215 n.1.

Reading *Chuway* in context, however, it becomes clear that the Seventh Circuit did not hold that use of the phrase "current balance" for a static debt is *per se* misleading. The collection letter in *Chuway* directed the reader to call a 1-800 number "[t]o obtain your most current balance information." 362 F.3d at 947 (7th Cir. 2004). *Chuway*, therefore, did not turn on the collection letter's use of the word "current" but rather, as defendants observe, "on the idea that the letter at issue stated one balance, but if the consumer called per the letter's instruction, that balance might be different." Reply Mem., Dkt. No. 26, at 5. By contrast, the letter Bella received "did not suggest that the amount owed was different than the amount stated or from the 'current balance.'" R&R at 14; *see also Chuway*, 362 F.3d at 948 ("It is impossible to draft a letter that is certain to be understood by every person who receives it; only if it would confuse a significant fraction of the persons to whom it is directed will the defendant be liable.").

Once the fog of the parties' semantic back-and-forth lifts, the unavoidable conclusion is that the "least sophisticated consumer" would not have been prejudicially misled by the language of the collection letter that Bella received. The letter "makes it abundantly clear that interest has

---

are not accruing.

7

not and will not accrue . . . [and] any other interpretation is farfetched and implausible." R&R at 16. Judge Scalon correctly held that the collection letter, consequently, did not violate FDCPA. Defendants' motion to dismiss must, therefore, be granted.

Additionally, because the Court has determined, as a matter of law, that the collection letter did not violate FDCPA, any attempted amendment of the complaint to remedy the jurisdictional defects, even if successful, would not save the complaint from dismissal. Accordingly, that exercise in futility being unwarranted, the Court denies leave to amend.

## Conclusion

For the foregoing reasons, upon *de novo* review, the Court finds Magistrate Judge Scanlon's R&R to be correct, well-reasoned and free of reversible error. The Court, therefore, adopts the R&R in its entirety, supplemented by this Memorandum & Order, as the opinion of the Court. BIG III's Rule 12(b)(2) motion and defendants' Rule 12(b)(6) motion are granted, and plaintiff's remaining claim in this action is dismissed with prejudice.

The Clerk is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
May 28, 2019

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge